UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    v.<br><br>DERICO FULLER,<br><br>                Defendant. | CASE NO. CR08-42MJP<br><br>DETENTION ORDER |

Offense charged:

    Conspiracy to Commit Bank Fraud

Date of Detention Hearing: February 25, 2008

    The court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of any other person and the community.

DETENTION ORDER - 1
18 U.S.C. § 3142(i)

## FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Defendant has a lengthy record of convictions. While the majority are for driving and traffic-related offenses, he has also been convicted of assault, forgery, obstructing a law enforcement officer, controlled substance violations, rendering criminal assistance, and other offenses.

(2) He has failed to appear on approximately 13 occasions. At least one statewide warrant remains active.

(3) The National Crime Information Center reports that he is associated with eight alias names, four dates of birth, and three Social Security numbers.

(4) He has no stable residence, and no stable employment.

(5) Investigators intercepted text messages between defendant and his girlfriend and co-defendant. It appears that when defendant learned he was under investigation in this case, he attempted to destroy evidence, to wit, a computer; he warned his girlfriend not to "snitch" on him; and they considered possible places to move.

(6) The government's evidence on the underlying offense indicates he was the coordinator of a complex, far-reaching bank fraud scheme, in which he enlisted the aid of minors, and which resulted in fraud totaling hundreds of thousands of dollars. This supports a concern about his danger to the community if he were released.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

DETENTION ORDER - 2
18 U.S.C. § 3142(i)

1  (3) On order of a court of the United States or on request of an attorney for the
2  Government, the person in charge of the corrections facility in which defendant is
3  confined shall deliver the defendant to a United States Marshal for the purpose of an
4  appearance in connection with a court proceeding; and
5  (4) The clerk shall direct copies of this order to counsel for the United States, to counsel
6  for the defendant, to the United States Marshal, and to the United States Pretrial
7  Services Officer.

DATED this 25th day of Febaruary, 2008.

    /s/John L. Weinberg
JOHN L. WEINBERG
United States Magistrate Judge

DETENTION ORDER - 3
18 U.S.C. § 3142(i)